## PIEPER v. PEERS et al.*

### No. 14,523; November 29, 1892.

#### 31 Pac. 562.

**Appeal Bond.**—An Action cannot be Maintained on an Appeal bond given to stay a judgment for the delivery of certain hay, or for $299, the value thereof, the bond being conditioned, under Code of Civil Procedure, section 978, to pay the judgment if the appeal be dismissed, unless it is shown that an execution has been issued since

---

*For subsequent opinion in bank, see 98 Cal. 42, 32 Pac. 700.

the dismissal of the appeal, or a demand for the property made, or that a delivery thereof cannot be had, since it was necessary that this should appear before the money judgment could be payable.

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

Action by Charles H. Pieper against Alexander Peers and Peter Grimley to recover on a bond given to stay an execution pending appeal, on which bond defendants became sureties. From a judgment for plaintiff, defendants appeal. Reversed.

J. H. Campbell for appellants; W. P. Venor for respondent.

TEMPLE, C.—This is an appeal upon the judgment-roll. Plaintiff's assignor, Marie Albert, obtained a judgment in a justice's court against one Juan Lucas for the delivery of certain hay, or for $299, the value thereof, if delivery could not be had. Lucas appealed to the superior court, and gave a stay bond on which the defendants herein were sureties. The bond was conditioned, as required by section 978 of the Code of Civil Procedure, "that the said appellant will pay the amount of the judgment appealed from, and all costs, and will obey the order of the court made therein, if the appeal be withdrawn or dismissed," etc. The appeal was dismissed by the appellant therein. It is not alleged or found that any execution had been issued, or that since the dismissal of the appeal a demand for the property had been made upon the defendant, or that a delivery thereof could not be had, but simply "that no part of said hay has been delivered pursuant to said judgment, or any part of the judgment for its value, or any part of said costs been paid." The objection is now made that it is not alleged or found that a delivery of the property could not be had, or that any order was made by the superior court which was disobeyed by the appellant in that case; therefore there was no money judgment which the principal was bound to pay, or in fact could have paid. I see no answer to this objection. The judgment was for the delivery of hay. The alternate money judgment was enforceable only in case the property could not be recovered. Until that fact was determined, the money judgment, as an operative, enforce-

able judgment, did not exist.    The defendant in the judgment could not secure the privilege of paying the money judgment, rather than deliver the property, by simply taking an appeal. Although, therefore, the undertaking is absolute that the sureties are bound for the payment of the amount of the judgment, it cannot be understood that they undertook that their principal would do something which it was not only not his duty to do, but which he could not have done, unless with the consent of the owner of the judgment.    It means that the sureties are bound for the payment of the judgment whenever it becomes payable, when not to pay it would be a failure to perform his obligation on the part of the principal.    Whether it would be necessary to have an execution and a return made to the effect that a return of the property cannot be had, is a different question.    It should at least be alleged that a return of the property could not be had.    I think, therefore, that the judgment should be reversed, and a new trial had.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed, and a new trial ordered.    It is further ordered that the court below grant the parties a reasonable time within which to amend their pleadings.